UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
MICHAEL DIAZ,

                 Plaintiff,                                09 CV 8352 (PAC)

                                                                 **SECOND AMENDED
COMPLAINT**

                                                                  PLAINTIFF DEMANDS
       **-against-**                              TRIAL BY JURY

THE CITY OF NEW YORK, POLICE OFFICER
AHMAD CHOHAN, shield #28088, POLICE OFFICER
DANNY CANO, shield #6111, SERGEANT KEVIN
PHELAN, shield #3052, POLICE OFFICER ANGELO
PAMPENA, shield #19220.

                     Defendants.
------------------------------------------------------------------------X

      PLAINTIFF MICHAEL DIAZ, by his attorney DAVID A. ZELMAN, Esq., for his

COMPLAINT, alleges upon information and belief, as follows:


## I. PRELIMINARY STATEMENT

1.     This is a civil rights action in which PLAINTIFF MICHAEL DIAZ (hereinafter

     "DIAZ") seeks damages to redress the deprivation, under color of state law, of

     rights secured to him under the Fourth, Fifth, Sixth and Fourteenth  Amendments

     of the United States Constitution.  On or about May 9, 2009 at approximately 4:00

     A.M., at or near 37th Avenue and 79th Street, Jackson Heights, New York, DIAZ

     was arrested with excessive force by Defendants including, but not limited to,

     POLICE OFFICER AHMAD CHOHAN and POLICE OFFICER JOHN DOE

(hereinafter "DEFENDANT OFFICERS").  As a result of the excessive force used by Defendants, DIAZ suffered physical and mental injuries.

## II.  JURISDICTION

2.      Jurisdiction is conferred upon this Court by 28 U.S.C. §1343 (3) and (4), which provides for original jurisdiction in this court of all suits brought pursuant to 42 U.S.C. §1983, and by 28 U.S.C. §1331, which provides jurisdiction over all cases brought pursuant to the Constitution and laws of the United States.  This Court has pendant jurisdiction over PLAINTIFF's state law claims.

## III.  PARTIES

3.      DIAZ at all times resided at 108-23 51st Avenue, 1st Floor, Corona, New York 11368.

4.      Defendant CITY OF NEW YORK (hereinafter "CITY") is a municipal corporation, incorporated pursuant to the laws of the State of New York, which operates the New York City Police Department (hereinafter "NYPD"), and as such is the public employer of the Defendant officers herein.

5.      Defendant POLICE OFFICER AHMAD CHOHAN (hereinafter "CHOHAN") was an NYPD police officer, and at all relevant times hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of his employment

6.      Defendant POLICE OFFICER DANNY CANO (hereinafter "CANO") was an NYPD police officers, and at all relevant times hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of his

employment.

7.    Defendant SERGEANT KEVIN PHELAN (hereinafter "PHELAN") was an

NYPD police officers, and at all relevant times hereto, acted in that capacity as

agent, servant, and/or employee of Defendant CITY and within the scope of his

employment.

8.    Defendant ANGELO PAMPENA (hereinafter "PAMPENA") was an NYPD

police officer, and at all relevant times hereto, acted in that capacity as agent,

servant, and/or employee of Defendant CITY and within the scope of his

employment

9.    At all relevant times hereto, Defendants were acting under the color of state and

local law. Defendants are sued in their individual and official capacities. At all

relevant times hereto, Defendant CITY was responsible for making and enforcing

the policies of NYPD and was acting under the color of law, to wit, under color of

the statutes, ordinances, regulations, policies, customs and usages of the State of

New York and/or the City of New York.

IV. <u>FACTS</u>

10.    On or about May 9, 2009 at approximately 4:00 A.M., DIAZ, together with

friends and family, departed from a night club, located at or near 37th Avenue and

79th Street, Jackson Heights, New York.

11.    Police officers were outside as DIAZ and his group left the club.

12.    An officer arrested one of DIAZ's friends, which prompted some individuals to

inquire as to why their friend was being arrested.

3

13.  The officer proceeded to mace DIAZ's group.

14.  DIAZ attempted to escort a maced individual from the scene, but an officer maced DIAZ before throwing him to the ground.

15.  While DIAZ was on the ground, an officer handcuffed him and applied excessive force to his body and then the back of his head, causing DIAZ's teeth to fracture.

16.  DIAZ was then taken to the 115th Precinct and was charged with Assault in the Third Degree, Resisting Arrest, and Harassment in the Second Degree pursuant to N.Y.P.L. secs. 120.00, 205.30, and 240.26 respectively. DIAZ remained at the 115th for approximately 16 hours, at which point he was brought to Central Booking.

17.  DIAZ was brought before a judge on May 10, 2009 at approximately 11:00 A.M. and all the charges against him were dismissed.

18.  That heretofore and on the 27th day of July, 2009, DIAZ's Notice of Claim and Intention to sue was duly served upon and filed with the CITY; said Notice was filed within ninety (90) days after the cause of action herein accrued and set forth the name and post office address of DIAZ, the nature of the claim, the time when, the place where, the manner in which the claim arose and the items of damage and injuries sustained.

19.  That at least thirty (30) days have elapsed since the demand or claim upon which these actions are predicated was presented to CITY for adjustment or payment thereof and that it has neglected and/or refused to make adjustment or payment thereof.

4

## V. <u>FIRST CAUSE OF ACTION</u>
### Pursuant to § 1983 (FALSE ARREST)

20.    Paragraphs 1 through 19 are hereby realleged and incorporated by reference herein.

21.    That Defendants had neither valid evidence for the arrest of DIAZ nor legal cause or excuse to seize and detain him.

22.    That in detaining DIAZ without a fair and reliable determination of probable cause, Defendants abused their power and authority as a policymaker of the NYPD under the color of State and/or local law.

23.    Defendants intended to confine DIAZ.

24.    That DIAZ was conscious of the confinement and did not consent to the confinement.

25.    That the confinement was not otherwise privileged.

26.    That Defendants had no legal cause nor excuse to detain DIAZ.

27.    That Defendants subjected DIAZ to an excessive detention in violation of DIAZ's civil rights.

28.    That Defendants should have expeditiously investigated this matter and released DIAZ immediately.

29.    By reason of Defendants acts and omissions, defendant acting under the color of state law and within the scope of their authority, in gross and wanton disregard of DIAZ's rights, deprived DIAZ of his liberty when they subjected DIAZ to an unlawful, illegal and excessive detention, in violation of his rights pursuant to the

Fourth and Fourteenth Amendments of the United States Constitution.

30.    That in so acting, Defendants abused their power and authority as officers of the NYPD under the color of State and /or local law.

31.    That upon information and belief, Defendants had a policy and/or custom of arresting and detaining individuals despite the lack of probable cause.  Thus, as a result of the above described policies and customs, DIAZ was arrested despite the fact that he had not violated any law or committed any crime.

32.    That upon information and belief it was the policy and/or custom of defendant NYPD to inadequately hire, train, supervise, discipline and/or terminate their officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents, and employees.

33.    That as a result of the above described policies and customs, the officers, staff, agents and employees of defendant NYPD believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

34.    That the above described policies and customs demonstrate a deliberate indifference on the part of the policymakers of defendant NYPD to the constitutional rights of arrestees and were the cause of the violations of DIAZ's rights alleged herein.

35.    That by reason of the foregoing, DIAZ suffered physical and psychological injuries, traumatic stress, post traumatic stress disorder, mental anguish, economic

damages including attorneys fees, damage to reputation, shame, humiliation, and indignity. All of said injuries may be permanent

## VI. SECOND CAUSE OF ACTION
### Pursuant to State Law (FALSE ARREST)

36. Paragraphs 1 through 35 are hereby realleged and incorporated by reference herein.

37. That the seizure, detention and imprisonment of DIAZ was unlawful in that Defendants had no probable cause to detain, arrest and/or imprison DIAZ.

38. That Defendants intended to confine DIAZ.

39. That DIAZ was conscious of the confinement and did not consent to the confinement.

40. That the confinement was not otherwise privileged.

41. By reason of Defendants' acts and/or omissions, Defendants, acting in gross and wanton disregard of DIAZ's rights, deprived DIAZ of his liberty when they subjected DIAZ to an unlawful, illegal and excessive detention, in violation of State law.

42. That by reason of the foregoing, DIAZ suffered physical and psychological injuries, traumatic stress, post traumatic stress disorder, mental anguish, economic damages, damage to reputation, shame, humiliation, and indignity. All of said injuries may be permanent.

## VII. THIRD CAUSE OF ACTION
### Pursuant to §1983 (EXCESSIVE FORCE)

43.  Paragraphs 1 through 42 are hereby realleged and incorporated by reference herein.

44.  That the incident that resulted from the intentional application of physical force by Defendants constituted a seizure.  That the use of excessive force in effectuating the seizure was unreasonable under the circumstances.

45.  That Defendants had no legal cause or reason to use excessive force in effectuating DIAZ's arrest.

46.  That Defendants violated DIAZ's Fourth and Fourteenth Amendment right to be free from unreasonable seizures when they used excessive force against him.

47.  That Defendants had the opportunity to intervene and prevent these violations of DIAZ's civil rights, yet failed and or refused to do so.

48.  That at the time of the arrest, DIAZ did not pose a threat to the safety of the Defendants or others.

49.  That DIAZ was not actively resisting arrest or attempting to evade arrest.

50.  That defendant CITY, through its officers, agents, and employees, unlawfully subjected  DIAZ to excessive force while effectuating his arrest.

51.  That Defendants actions were grossly disproportionate to the need for action and were unreasonable under the circumstances.

52.  That by reason of Defendants acts and omissions, acting under color of state law and within the scope of this authority, in gross and wanton disregard of DIAZ's rights, subjected DIAZ to excessive force while effectuating his arrest, in violation

8

of his rights pursuant to the Fourth and Fourteenth Amendments of the United States Constitution.

53.     That upon information and belief, in 2009, defendant CITY had a policy or routine practice of using excessive force when effectuating arrests.

54.     That upon information and belief, it was the policy and/or custom of defendant CITY to inadequately train, supervise, discipline, and/or terminate their officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents and employees.

55.     That as a result of the above described policies and customs, the officers, staff, agents and employees of defendant CITY, believed that their actions would not be properly monitored by supervisory officers and that the misconduct would not be investigated or sanctioned, but would be tolerated.

56.     That the above described policies and customs demonstrate a deliberate indifference on the part of the policymakers of defendant CITY to the constitutional rights of arrestees and were the cause of the violations of DIAZ rights alleged herein.

57.     By reason of the foregoing, DIAZ suffered physical injuries, mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries.  All of said injuries may be permanent.

### VIII.  FOURTH CAUSE OF ACTION
**Pursuant to State Law (EXCESSIVE FORCE)**

58.     Paragraphs 1 through 57 are hereby realleged and incorporated by reference

9

herein.

59. That the incident that resulted from the intentional application of physical force by Defendants constituted a seizure.

60. That the use of excessive force in effectuating the seizure was unreasonable under the circumstances.

61. That Defendants had no legal cause or reason to use excessive force in effectuating DIAZ's arrest.

62. That at the time of the arrest, DIAZ did not pose a threat to the safety of the arresting officers.

63. That DIAZ was not actively resisting arrest or attempting to evade arrest.

64. That Defendants actions were grossly disproportionate to the need for action and were unreasonable under the circumstances.

65. That by reason of Defendants acts and omissions, Defendants, acting under color of state law and within the scope of their authority, in gross and wanton disregard of DIAZ's rights, subjected DIAZ to excessive force while effectuating his arrest, in violation of the laws of the State of New York and the Constitution of the United States.

66. That Defendants had the opportunity to intervene and prevent these violations of DIAZ's civil rights, yet failed and or refused to do so.

67. By reason of the foregoing, DIAZ suffered physical injuries, mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries. All of said injuries may be permanent.

10

## IX. FIFTH CAUSE OF ACTION
### Pursuant to State Law (ASSAULT and BATTERY)

68.  Paragraphs 1 through 67 are hereby realleged and incorporated by reference herein.

69.  That Defendants intended to cause harmful bodily contact to DIAZ.

70.  That defendant Defendants, in a hostile manner, voluntarily caused DIAZ'S injuries.

71.  That Defendants' contact with DIAZ constituted a battery in violation of the laws of the State of New York.

72.  That by reason of the foregoing, DIAZ suffered physical injuries, mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries. All of said injuries may be permanent.

## X. SIXTH CAUSE OF ACTION
### Pursuant to State Law (RESPONDEAT SUPERIOR)

73.  Paragraphs 1 through 72 are hereby realleged and incorporated by reference herein.

74.  That Defendants were acting in furtherance of the duties owed to their employer, defendant CITY.

75.  That at all times Defendants were acting within the scope of their employment.

76.  That Defendant CITY was able to exercise control over Defendants activities.

77.  That Defendant CITY is liable for Defendants actions under the doctrine of

respondeat superior.

78.    By reason of the foregoing, DIAZ suffered physical injuries,  mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries.  All of said injuries may be permanent.

**INJURY AND DAMAGES**

As a result of the acts and conduct complained of herein, DIAZ has suffered and will continue to suffer, physical pain, emotional pain, suffering, inconvenience, injury to her reputation, loss of enjoyment of life, loss of liberty and other non-pecuniary losses. Plaintiff has further experienced severe emotional and physical distress.

WHEREFORE, DIAZ respectfully requests that judgment be entered:

1.    Awarding DIAZ compensatory damages in a full and fair sum to be determined by a jury;

2.    Awarding DIAZ punitive damages in an amount to be determined by a jury;

3.    Awarding DIAZ interest from May 9, 2009; and

4.    Awarding DIAZ reasonable attorney's fees pursuant to 42 USC §1988; and

5.    Granting such other and further relief as to this Court seems proper.

DATED:  Brooklyn, New York
            November 17, 2010

 

DAVID A. ZELMAN, ESQ.
(DZ 8578)
612 Eastern Parkway
Brooklyn, New York 11225
(718) 604-3072

13

UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

MICHAEL DIAZ,

     Plaintiff,

                     **SECOND
                      AMENDED COMPLAINT**

   **-against-**

**THE CITY OF NEW YORK**, POLICE OFFICER
**AHMAD CHOHAN**, shield #28088, POLICE OFFICER
**DANNY CANO**, shield #6111, SERGEANT KEVIN
**PHELAN**, shield #3052, POLICE OFFICER ANGELO
**PAMPENA**, shield #19220.,

     Defendants.
------------------------------------------------------------------X

---

## SECOND AMENDED COMPLAINT

---

DAVID A. ZELMAN (DZ8578)
ATTORNEY FOR PLAINTIFF
612 Eastern Parkway
Brooklyn, New York 11225
Tel: (718) 604-3072
Fax: (718) 604- 3074