USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 08 AUG 2011

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X

MICHAEL DIAZ,

                              Plaintiff,

-against-

THE CITY OF NEW YORK, POLICE OFFICER
AHMAD CHOHAN, shield #28088, POLICE OFFICER
DANNY CANO, shield #6111, SERGEANT KEVIN
PHELAN, shield #3052, POLICE OFFICER ANGELO
PAMPENA, shield #19220.

                              Defendants.

---------------------------------------------------------------X

**STIPULATION AND ORDER OF SETTLEMENT AND DISCONTINUANCE**

09 Civ. 8352 (PAC)

**WHEREAS**, plaintiff Michael Diaz commenced this action on or about October 2, 2009, alleging that defendants violated plaintiff's federal civil and state common law rights, causing him, *inter alia*, loss of liberty and physical sickness, pain, suffering and humiliation; and

**WHEREAS**, defendants have denied any and all liability arising out of plaintiff's allegations; and

**WHEREAS**, the parties now desire to resolve the issues raised in this litigation, without further proceedings and without admitting any fault or liability; and

**WHEREAS**, plaintiff has authorized his counsel to settle this matter on the terms set forth below;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the undersigned, as follows:

1. The above-referenced action is hereby dismissed against Defendants, with prejudice and without costs, expenses, or fees in excess of the amount specified in paragraph "2" below.

2. The City of New York hereby agrees to pay plaintiff Michael Diaz the sum of FORTY-FIVE THOUSAND ($45,000.00) Dollars in full satisfaction of all claims, excluding claims for costs, expenses and attorneys' fees. In consideration for the payment of this sum, plaintiff agrees to dismissal of all claims against the defendants and to release the individual defendants, Police Officer Ahmad Chohan, Police Officer Danny Cano, Sergeant Kevin Phelan, Police Officer Angelo Pampena, and the City of New York and any present or former employees and agents of the City of New York or any agency thereof, from any and all liability, claims, or rights of action which were or could have been alleged in this action, excluding claims for costs, expenses, and attorneys' fees which are being negotiated separately.

3. Plaintiff shall execute and deliver to Defendants' attorney all documents necessary to effect this settlement, including, without limitation, a General Release based on the terms of paragraph 2 above and an Affidavit of Status of Liens. If Medicare has provided payment and/or benefits for any injury or condition that is the subject of this lawsuit, prior to tendering the requisite documents to effect this settlement, Plaintiff shall have notified Medicare and shall submit with the settlement documents a Medicare final demand letter for conditional payments. A Medicare Set-Aside Trust may also be required if future anticipated medical costs are found to be necessary pursuant to 42 U.S.C. §1395y(b) and 42 C.F.R. §§411.22 through 411.26.

4. Nothing contained herein shall be deemed to be an admission by the Defendants that they in any manner or way violated plaintiff's rights, or the rights of any other person or entity, as defined in the constitutions, statutes, ordinances, rules or regulations of the United States, the State of New York, or the City of New York or any other rules, regulations or

bylaws of any department or subdivision of the City of New York. This stipulation shall not be admissible in, nor is it related to, any other litigation or settlement negotiations.

5. Nothing contained herein shall be deemed to constitute a policy or practice of the City of New York or any agency thereof.

6. Plaintiff agrees to hold harmless Police Officer Ahmad Chohan, Police Officer Danny Cano, Sergeant Kevin Phelan, Police Officer Angelo Pampena and the City of New York, regarding any liens or past and/or future Medicare payments, presently known or unknown in connection with this matter. If conditional and/or future anticipated Medicare payments have not been satisfied, defendants reserve the right to issue a multiparty settlement check, naming Medicare as a payee or to issue a check to Medicare directly based upon Medicare's final demand letter.

7. This Stipulation and Order contains all the terms and conditions agreed upon by the parties hereto, and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Stipulation and Order regarding the subject matter of the instant proceeding shall be deemed to exist, or to bind the parties hereto, or to vary

8. The Clerk of Court shall close this case.

the terms and conditions contained herein.

Dated: New York, New York
July 21, 2011

David A. Zelman, Esq.
Law Office of David A. Zelman
*Attorneys for Plaintiff*
612 Eastern Parkway
Brooklyn, NY 11225

By: _____
David A. Zelman, Esq.
*Attorney for Plaintiff*

Dated: New York, New York
~~July~~ August 8, 2011

MICHAEL A. CARDOZO
Corporation Counsel of the
 City of New York
By: David M. Pollack,
Assistant Corporation Counsel
*Attorney for Defendants*
100 Church Street, Rm. 3-146
New York, New York 10007
(212) 788-1894
_____
David M. Pollack

SO ORDERED:

_____
HON. PAUL A. CROTTY
U.S. DISTRICT COURT JUDGE